JUSTICE NELSON
specially concurs:
¶14 I concur in our opinion except as to the Court’s statement in ¶ 10 that “FMDH’s equitable argument might be well taken had it, in fact, complied with the prior version of Rule 38 ...” Even had FMDH complied with the prior version of Rule 38, this would not, in my opinion, have justified its failure to comply with the version of Rule 38 that had been in effect for some 20 months before it filed its notice of appeal.
¶15 FMDH appears to argue that, until a rule change (and, presumably, any newly adopted rule) is actually published in the Montana Code Annotated, litigants and their attorneys are absolved from complying with the amended rule or new rule. In point of fact, in its reply brief FMDH states that “Appellant should not be penalized for failure to comply with a new rule which was not timely published and to *207 which attorneys in remote eastern Montana have little access or notice.” This argument is without merit.
¶ 16 In the first place, FMDH fails to cite any authority for the proposition that amendments to rules of procedure or new rules are not effective until published in the Montana Code Annotated. See Rule 23(a)(4), M.R.App.P; Johansen v. State, Dept. of Natural Resources, 1998 MT 51, ¶ 24, 288 Mont. 39, ¶ 24, 955 P.2d 653, ¶ 24.
¶17 More to the point, however, this Court does not adopt amendments to rules of procedure or new rules of procedure absent adequate notification to the practicing bar prior to the effective date of the amendment or new rule.
¶18 Copies of our September 9,1997 order adopting the amendment to Rule 38, M.R.App.P., (along with an amendment to Rule 24(c), M.R.Civ.P. and a new rule, Rule 24(d), M.R.Civ.P), were sent to, among other persons and officials, each of the Clerks of the District Court; to the Executive Director of the State Bar for publication in The Montana Lawyer-, to West Publishing Company (now West Group) for publication in the Pacific Reporter advance sheets; and to the State Reporter Publishing Company for publication in the State Reporter.
¶19 Asa result of this dissemination our order was duly published in the October 1997 issue of The Montana Lawyer, Volume 23, No. 2, at 18; in the Pacific Reporter advance sheets, 943 P.2d No. 3, at CXL, Oct. 17, 1997; and in the State Reporter at 54 St.Rep. 961.
¶20 Every active member of the State Bar of Montana — including those in “remote eastern Montana” — receives The Montana Lawyer, and, presumably, every practicing lawyer has access to the orders of this Court received by the District Court Clerks and published in the Pacific Reporter advance sheets and State Reporter.
¶21 Failure to regularly check the very sources where rule amendments and new rules are sent and are published is the fault of no one except the attorney who does not keep current with his or her reading. Under these circumstances, counsel’s claim of lack of notice and FMDH’s appeal to equity rings particularly hollow.
¶22 With the exception noted, I otherwise concur in our opinion.
JUSTICE GRAY concurs in the foregoing special concurrence.